Case 5:25-cv-00056   Document 18   Filed on 09/29/25 in TXSD   Page 1 of 2

United States District Court
Southern District of Texas
**ENTERED**
September 29, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| NATHAN IRA NIXON § | |
| § | |
| VS. § | CIVIL ACTION NO. 5:25-cv-56 |
| § | |
| CHARLES RICKS § | |

# ORDER

On June 10, 2025, the Court referred a Writ of Habeas Corpus[1] and Motion for Appointment of Counsel to United States Magistrate Judge Christopher dos Santos (Dkt. No. 6). In his report and recommendation, Judge dos Santos recommends: (1) dismissing the writ of habeas corpus without prejudice for lack of jurisdiction; (2) dismissing the writ of mandamus with prejudice because Petitioner failed to state a claim upon which relief may be granted; and (3) denying Petitioner's motion for appointment of counsel, as appointment of counsel is not necessary in the interests of justice (*see* Dkt. No. 10 at 4–11). Petitioner filed timely objections to Judge dos Santos's report, primarily arguing that he erred in proposing this Court lacked jurisdiction and Petitioner's motion for appointment of counsel should be denied (*see* Dkt. Nos. 15, 17).

When a party objects to a magistrate's report and recommendation, the district court must review the objections *de novo*. 28 U.S.C § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); *see also United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). A

---

[1] While Petitioner has neither formally filed an application to proceed *in forma pauperis* ("IFP") nor paid the filing fee, it is clear that is his intention. *See Conlin v. Davis*, No. H-06-3305, 2006 WL 3030717, at *1 (S.D. Tex. Oct. 23, 2006). Likewise, his request for writ of mandamus is intended as IFP and subject to screening under 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). *Finch v. 222nd Jud. Dist. Ct.*, No. 2:24-CV-244-Z-BR, 2024 WL 5048368, at *1 (N.D. Tex. Nov. 18, 2024), *report and recommendation adopted*, 2:24-CV-244-Z-BR, 2024 WL 5047873 (N.D. Tex. Dec. 9, 2024).

district judge "may accept, reject, or modify" the magistrate judge's recommended disposition on a dispositive matter. Fed. R. Civ. P. 72(b)(3). Nonetheless, if the objecting pary's objections are meritless, the district court is not required to make new findings or "reiterate the findings and conclusions of the magistrate judge." *Hernandez v. Livingston*, 495 F. App'x 414, 416 (5th Cir. 2012) (citing *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) (per curiam)).

Having considered the entire record, the Court overrules Defendant's objections and hereby **ADOPTS IN WHOLE** Judge dos Santos's report and recommendation (Dkt. No. 10).

Accordingly, Petitioner's Writ of Habeas Corpus is **DISMISSED WITHOUT PREJUDICE** to refiling (Dkt. No. 1) and Petitioner's Writ of Mandamus is **DISMISSED WITH PREJUDICE** (Dkt. No. 1 at 5). The Court will enter final judgment under separate cover. Petitioner's Motion for Appointment of Counsel is **DENIED** (Dkt. No. 5) and Petitioner's other motions are **DENIED AS MOOT** (Dkt. Nos. 8, 9). The Clerk of Court is **DIRECTED** to **TERMINATE** the civil action.

It is so **ORDERED**.

**SIGNED** September 29, 2025.

_____
Marina Garcia Marmolejo
United States District Judge